UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **MIKE STEWARD,** } | |
| } | |
|    **Plaintiff,** } | |
| } | |
| **v.** } | **Case No.: 4:19-cv-01395-ACA** |
| } | |
| **SOCIAL SECURITY** } | |
| **ADMINISTRATION,** } | |
| **COMMISSIONER,** } | |
| } | |
|    **Defendant.** | |

## <u>MEMORANDUM OPINION</u>

Before the court is Plaintiff Mike Steward's appeal of the Social Security Commissioner's denial of his claim for a period of disability and disability insurance benefits. (Doc. 1). Also before the court is Mr. Steward's motion to remand pursuant to sentences four and six of 42 U.S.C. § 405(g). (Doc. 14). Based on the court's review of the administrative record and the parties' briefs, the court **WILL AFFIRM** the Commissioner's decision and **WILL DENY** Mr. Steward's motion to remand. (Doc. 14).

### I.   PROCEDURAL HISTORY

Mr. Steward applied for a period of disability and disability insurance benefits on May 27, 2016. (R. at 169). Mr. Steward's alleged disability onset date was May

23, 2016. (R. at 238–39). The Social Security Administration denied Mr. Steward's application, and he requested a hearing before an Administrative Law Judge ("ALJ"). (R. at 160–74, 177–78). The ALJ issued an unfavorable decision on September 4, 2018. (R. at 27). Mr. Steward submitted additional medical evidence to the Appeals Council while his request for review was pending. (R. at 8, 12–19, 64–159). The Appeals Council declined Mr. Steward's request for review. (R. at 1–4). The Appeals Council's denial of review makes the Commissioner's decision final and ripe for the court's judicial review. *See* 42 U.S.C. § 405(g).

Mr. Steward appealed the ALJ's decision to this court (doc. 1), and while his appeal was pending, he filed a motion to remand pursuant to sentences four and six of 42 U.S.C. § 405(g) (doc. 14). The parties have fully briefed Mr. Steward's motion. (Docs. 16, 17). The court will address the motion to remand along with the merits of Mr. Steward's initial request for review of the Commissioner's decision.

## II. STANDARD OF REVIEW

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court "must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quotation marks omitted). "Under the substantial evidence standard, this court will affirm the ALJ's decision if there exists 'such relevant evidence as a reasonable person would accept

as adequate to support a conclusion.'" *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (quoting *Winschel*, 631 F.3d at 1178). The court may not "decide the facts anew, reweigh the evidence," or substitute its judgment for that of the ALJ. *Winschel*, 631 F.3d at 1178 (quotation marks omitted). The court must affirm "[e]ven if the evidence preponderates against the Commissioner's findings." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004) (quotation marks omitted).

Despite the deferential standard for review of claims, the court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986). Moreover, the court must reverse the Commissioner's decision if the ALJ does not apply the correct legal standards. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145–46 (11th Cir. 1991). The Commissioner is charged with the duty to weigh the evidence, resolve material conflicts in testimony, and determine the case accordingly. *See Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). The ALJ's decision must be affirmed where it is supported by substantial evidence in the record as a whole. *See Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990); *Baker o/b/o Baker v. Sullivan*, 880 F.2d 319, 321 (11th Cir. 1989).

## III. ALJ'S DECISION

To determine whether an individual is disabled, an ALJ follows a five-step sequential evaluation process. The ALJ considers:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel*, 631 F.3d at 1178.

Here, the ALJ found that Mr. Steward had severe impairments consisting of hypertension, chronic kidney disease, and residual effects of coronary artery disease bypass. (R. at 32). But the ALJ found that Mr. Steward did not have an impairment or combination of impairments that met or equaled a listed impairment in 20 C.F.R. at Subpart 404, Appendix 1. (R. at 34).

After considering the evidence in record, the ALJ determined that Mr. Steward had the residual functional capacity to perform a full range of light work. (R. at 35). Relying on Mr. Steward's age, education, work experience, and residual functional capacity, the ALJ found that Grid rule 202.11 directed a finding of "not disabled." (R. at 38). Accordingly, the ALJ determined that Mr. Steward was not under a disability as defined by the Social Security Act from any time

between May 23, 2016, through September 30, 2017, the date last insured. (R. at 38).

## IV. DISCUSSION

Mr. Steward argues that the court should reverse and remand the Commissioner's decision for three reasons[1]: (1) the Appeals Council erroneously denied review of new, material, and chronologically relevant evidence (doc. 9 at 1); (2) the denial was not based on substantial evidence (*id.*; doc. 14 at 1);[2] and (3) a subsequent, favorable decision by an ALJ is new evidence requiring remand (doc. 14 at 2). The court addresses each issue in turn.

### A. *Supplemental Evidence*

Mr. Steward first argues that the Appeals Council erroneously denied review of newly submitted evidence. (Doc. 9 at 24). "With a few exceptions, a claimant is allowed to present new evidence at each stage of the administrative process, including before the Appeals Council." *Washington v. Soc. Sec. Comm'r*, 806 F.3d 1317, 1320 (11th Cir. 2015) (quotation marks omitted). The Appeals Council must review evidence that is new, material, and chronologically relevant. *Ingram v. Comm'r Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007). Whether evidence

---

[1] In his initial brief, Mr. Steward argued that the ALJ improperly applied the pain standard and failed to consider his testimony. (Doc. 9 at 1). He expressly withdrew this argument in his reply brief. (Doc. 13 at 9, 15). Accordingly, the court does not address this argument.

[2] Mr. Steward's argument here is repeated in his motion to remand pursuant to section four. (Doc. 14 at 1). For clarity, the court will address these arguments together.

meets the new, material, and chronologically relevant standard is a question of law subject to *de novo* review. *Washington*, 806 F.3d at 1321.

Mr. Steward, however, did not develop this argument. This section of his brief offers no analysis or argument and merely block quotes Eleventh Circuit opinions addressing the standard for reviewing newly submitted evidence and lists the evidence that he submitted to the Appeals Council. (Doc. 9 at 24–28). For that reason alone, the court should not consider the argument. *See Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009) ("[A]n appellant's simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue . . . ."); *see also Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."). Regardless, Mr. Steward's argument fail on its merits.

The Appeals Council determined that Mr. Steward's evidence was either duplicative of evidence in the record, immaterial, or not chronologically relevant. (R. at 2). First, Mr. Steward challenges the Council's decision not to exhibit the following: records from Gadsden Regional Medical Center ("Gadsden Regional") dated May 22, 2017; records from Quality of Life Health Services ("Quality of Life") dated October 14, 2016; an independent evaluation conducted by Dr. Jane

Teschner, dated January 14, 2019; and a physical evaluation by Dr. Muhammad Tariq, dated January 29, 2019. (Doc. 9 at 24). The Appeals Council found that this evidence was not material because there was not a "reasonable probability that it would change the outcome of the decision." (R. at 2).

Mr. Steward offers no argument for why the Appeals Council's decision was in error, and the court will not develop one for him. Instead, Mr. Steward says that "when the Appeals Council erroneously refuses to consider evidence, it commits legal error and remand is appropriate." (Doc. 9 at 25). But remand is not appropriate here. The records from Gadsden Regional and Quality of Life show that Mr. Steward complained of chest pain and leg swelling. (R. at 131, 139). But his examination was normal at Gadsden Regional and normal with mild chest wall tenderness at Quality of Life. (R. at 142). Dr. Teschner and Dr. Tariq diagnosed Mr. Steward with headaches and back pain. (R. at 8, 12). Mr. Steward, however, denied having headaches or back pain. (R. at 692, 709, 711).

Although this evidence may be relevant, the Appeals Council found that it was not material. As Mr. Steward points out in his reply brief, "when the Appeals Council adequately reviews the evidence, it is not required to provide a detailed rationale for denying review." (Doc. 13 at 12) (citing *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 784 (11th Cir. 2014)). In the absence of argument from Mr. Steward on this point, the court agrees with the Appeals Council.

Next, Mr. Steward points to additional evidence from September 17, 2017 (R. at 64),[3] through February 4, 2019 (R. at 13–19).  The Appeals Council found that this second group of records did not pertain to the period of time at issue and were thus not chronologically relevant.  (R. at 2).  Mr. Steward's submission includes records from Gadsden Regional (R. at 129), Quality of Life (144–59), and Riverview Regional Medical Center ("Riverview Regional") (90–101, 112–18, 122–23, 126–27).  These records are all unrelated to the period before Mr. Steward's date last insured.  (R. at 242).  Thus, they are not chronologically relevant and were properly excluded by the Appeals Council.  (Doc. 12 at 22).

Mr. Steward has offered no reason why the court should reverse the Appeals Council's decision to exclude the evidence, and the court cannot find one. Accordingly, the court **WILL AFFIRM** the Appeals Council's decision.

### B. *Denial Based on Substantial Evidence*

Mr. Steward next argues that the denial of benefits was not based on substantial evidence.  (Doc. 9 at 32).  First, he argues that if the Appeals Council considered the submissions of Drs. Teschner and Tariq, the submissions would undermine the ALJ's finding.  (*Id.*).  But as the court addressed *supra*, the Appeals

---

[3] The Appeals Council found that the evidence from Riverview Regional dated September 17, 2017, to September 21, 2017, was duplicative of evidence already provided and thus was not new evidence.  (R. at 2).  Mr. Steward does not challenge this finding.

8

Council properly excluded the supplemental evidence. Thus, Mr. Steward's argument that the newly submitted evidence requires the court to remand fails.[4]

Next, Mr. Steward argues that the testimony of the vocational expert should have led to a finding of disability. (Doc. 9 at 33–34). He argues that the ALJ's finding is not based on substantial evidence because when the vocational expert "considered all of Claimant's limitations, he testified that there was no work claimant could perform." (*Id.* at 34). He argues that with this evidence included, the ALJ's finding was not based on substantial evidence. (*Id.* at 32).

"When the ALJ uses a vocational expert, the ALJ will pose hypothetical question(s) to the vocational expert to establish whether someone with the limitations that the ALJ has previously determined that the claimant has will be able to secure employment in the national economy." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004). "In order for a [vocational expert's] testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999). But an ALJ is not required to include findings in a hypothetical question that the ALJ properly rejects as unsupported. *Crawford*, 363 F.3d at 1161.

---

[4] Mr. Steward repeats this argument in his brief supporting remand pursuant to sentence four of 42 U.S.C. 402(g). (Doc. 14 at 1). For the same reasons as here, this argument fails.

In response to a hypothetical posed by Mr. Steward's counsel, the vocational expert testified that a person who could only stand up for twenty minutes at a time or who required the constant use of a cane could not perform light work. (R. at 62). Mr. Steward interprets this testimony as conclusive evidence that "there was no work [he] could perform." (Doc. 9 at 34). But Mr. Steward has offered no evidence that he suffered from such limitations. Further, the objective medical evidence does not indicate that Mr. Steward used a cane (doc. 12 at 17; *see generally* R. at 390–766) and shows that he has normal motor strength in his legs (R. at 595, 602, 692).

Mr. Steward failed to provide any evidence in the record to show he had additional limitations on his ability to work beyond those identified by the ALJ. Thus, the ALJ properly rejected the vocational expert's testimony in response to a hypothetical that contained limitations that were unsupported by the record. *Crawford*, 363 F.3d at 1161; *see also Wright v. Comm'r of Soc. Sec.*, 327 F. App'x 135, 137 (11th Cir. 2009) ("[I]f additional impairments asserted by a claimant are not supported by substantial evidence, they do not need to be included in a hypothetical."). Accordingly, Mr. Steward's argument here fails, and the court **WILL AFFIRM** the Appeals Council's finding.

    *C.*    *Subsequent Favorable Decision*

Mr. Steward moves for remand pursuant to sentence six of 42 U.S.C. § 405(g). (Doc. 14 at 2). Sentence six "provides the sole means for a district court

to remand to the Commissioner to consider new evidence presented for the first time in the district court." *Ingram*, 496 F.3d at 1267.  To be entitled to remand to the Social Security Administration, a claimant must show that "(1) there is new, noncumulative evidence; (2) the evidence is material . . . , and (3) there is good cause for the failure to submit the evidence at the administrative level." *Gordon v. Soc. Sec. Admin., Comm'r*, 625 F. App'x 512, 514 (11th Cir. 2015) (quoting *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986)).  Therefore, sentence six remand is appropriate only in cases where "the district court learns of evidence not in existence or available to the claimant at the time of the administrative proceeding that might have changed the outcome of that proceeding." *Ingram*, 496 F.3d at 1267 (quoting *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990)).

Mr. Steward relies on two pieces of purportedly new evidence: (1) a pair of physical evaluations performed by Dr. Tariq and Dr. Teschner, and (2) a subsequent, fully-favorable social security decision. (*Id.*).  But Mr. Steward has not presented new evidence that supports remand.  The first evidence upon which Mr. Steward relies is not new evidence.  The physical evaluations by Dr. Tariq and Dr. Teschner were already submitted to the Appeals Council. (*Compare* R. at 9, 12 *with* Doc. 14-2, 14-3).  Accordingly, this evidence does not support remand under sentence six.

Mr. Steward' subsequent favorable decision also does not support remand. *See Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 822 (11th Cir. 2015) ("[A]

11

subsequent favorable decision . . . does not constitute new and material evidence under § 405(g).") (quotation marks omitted). Mr. Steward attempts to distinguish his case from *Hunter* by arguing that he also submitted additional medical evidence which supported the subsequent decision. (Doc. 14 at 11). But as already discussed, the additional evidence he relies on—the physical evaluations by Dr. Tariq and Dr. Teschner—is not new. Thus, Mr. Steward relies only on his subsequent, favorable decision to support remand pursuant to sentence six, and *Hunter* controls. Accordingly, the court **WILL DENY** Mr. Steward's motion to remand.

### V. CONCLUSION

Substantial evidence supports the Commissioner's decision, and the Commissioner applied proper legal standards to Mr. Steward's claim. Accordingly, the court **WILL AFFIRM** the Commissioner's final decision and **WILL DENY** Mr. Steward's motion to remand pursuant to sentences four and six. (Doc. 14). The court will enter a separate order consistent with this memorandum opinion.

**DONE** and **ORDERED** this December 17, 2020.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE